Mr. Justice FIELD,
 

 after stating the case, delivered the opiuion of the court, as follows:
 

 There can be but one answer, in our judgment, to the questions certified to us. The statute of Congress by its terms applies only to persons who “ knowingly and wilfully” obstruct or retard the passage of the mail, or of its carrier; •that is, to those who know that the acts performed will have
 
 *486
 
 that, effect, and perform them with the intention that such shall be their operation. When the acts which create the obstruction are in themselves unlawful, the intention to obstruct will be imputed to their author, although the attainment of other ends may have been his primary object. The statute has no reference to acts lawful in themselves, from tire execution of which a temporary delay to the mails unavoidably follows. All persons in the public service are exempt, as a matter of public policy, from arrest upon civil, process w’hile thus engaged. Process of that kind can, therefore, furnish no justification for the arrest of a carrier of the mail. This is all that is decided by the case of the'
 
 United States
 
 v.
 
 Harvey,
 

 *
 

 to which we are referred by the counsel of the government. The-rule is different when the process is issued upon a charge of felony. No officer or employee of the United States is placed by his position, or the services he is called to perform, above responsibility to the legal tribunals of the country, and to the ordinary processes for his arrest and detention, when accused of felouy, in the forms prescribed by the Constitution and laws. The public inconvenience which may occasionally follow from the temporary delay in the transmission of the mail caused ■ by. the arrest of its carriers upon such charges, is far less than that which would arise from extending to them the immunity for which the counsel of the government contends. Indeed, it may be doubted whether it is competent for Congress to exempt the employees of the United States from arrest on criminal process from the State courts, when the crimes charged against them are not
 
 merely míala prohibita,
 
 but are
 
 mala in se.
 
 But whether legislation of that character be constitutional or not, no intention to extend such exemption should be attributed to Congress unless clearly manifested by its language. All laws should receive, a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore,' be presumed
 
 *487
 
 that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter.
 

 The common sense of man approves the judgment mentioned by Puftendorf, that the Bologniau law which enacted, “that whoever drew blood in the streets should be punished with the utmost severity,” did not extend to the surgeon who opened the vein of a person that fell down in the street iu. a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1st Edward II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire — “ for he is not to be hanged because he would not stay to be burnt.” And we think that a like common sense will sanction the ruling we make, that the act of Congress which punishes the obstruction or retarding of the passage of the mail, or of its carrier, does not apply to a case of temporary detention of the mail caused by the arrest of the carrier upon au indictment for murder.
 
 *
 

 The questions certified to us must be answered in. the negative ; and it is So ordered!
 

 Mr. Justice MILLER, having been absent at the hearing, took no part in this order.
 

 *
 

 8 Law Reporter, 77.
 

 *
 

 See also United States v. Hart, 1 Peters’s Circuit Court, 390.