## VIVALDI *v.* MARIANI ET AL.

## APPEAL from the District Court of Ponce.

No. 108.—Decided April 16, 1906.

GANANCIAL PROPERTY—OBLIGATIONS OF CONJUGAL PARTNERSHIP.—The debts and obligations contracted by the husband during the existence of the marriage will be a charge upon the property of the conjugal partnership, by which must be understood that all of the properties of the conjugal partnership, whether real or personal, will be subject to the debts and obligations above mentioned without in any case excluding the interest which the wife may have in real property.

ID.—The provisions of section 1323 of the Civil Code can not be considered as limited by the provisions of section 1328 of the same Code, nor can it be considered that there is any contradiction or conflict between them, it being possible to harmonize them perfectly.

ID.—LIQUIDATION OF THE PROPERTY OF CONJUGAL PARTNERSHIP.—In liquidating the property of the conjugal partnership all the debts and obligations of the partnership must be satisfied with the entire capital of such partnership without any distinction whatever, and the balance remaining must be divided equally between the husband and the wife or their respective heirs.

POWERS OF HUSBAND.—The husband is the administrator or manager of the property belonging to the conjugal partnership and he is empowered to contract obligations, and the property of the partnership is liable for the payment thereof.

CONSENT OF WIFE—ENCUMBRANCE UPON REAL PROPERTY BELONGING TO THE PARTNERSHIP.—The legal provisions requiring the express consent of the wife in order that the husband may encumber the real property of the conjugal partnership must not be construed so as to exempt such property from liability for the debts and obligations contracted by the husband, since this would be equivalent to requiring the consent of the wife to all the acts performed by the husband in the management or administration of the property leaving him virtually powerless as administrator or manager of the partnership.

ID.—FRAUDULENT OBLIGATION.—Where it is proved that the husband has attempted to make use of the power conferred upon him with respect to the property of the conjugal partnership for the purpose of prejudicing or exposing to ridicule the rights of his wife, the court must intervene and prevent the perpetration of such fraud and annul every obligated contract by the husband in fraud of the rights of the wife, as also any other fraudulent contract or transfer.

CONSTRUCTION OF LAWS.—It is a well established rule of construction that when of such fraud and annul every obligated contract by the husband in fraud of the rights of the wife, as also any other fraudulent contract or transfer.

ID.—In the construction of a law the intention of the legislator must always be borne in mind and such intention must not be annulled by a strict adherence to the words used, nor should a construction be placed thereon which would lead to absurd conclusions.

The facts are stated in the opinion.

*Mr. Díaz Navarro* for appellant.

*Mr. José de Guzmán Benítez* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit brought by the plaintiff for the collection of money. The judgment, rendered by the District Court of Ponce on the 8th of September, 1905, is to the effect that:

"The court is of the opinion that the law and the facts are against the defendant, and consequently the court should condemn, and does condemn, Pedro Domingo Mariani y Bocheciampe and his wife, Matilde Negroni y Antomatei, to pay to the plaintiff, Santiago Vivaldi Pacheco, the sum of $4,872 and interest at the rate of 12 per cent per year from the date on which the said obligation became due and all the costs. The *liability of the second defendant—that is, Mrs. Negroni—being hereby limited to the extent of her share of the chattels of the conjugal partnership.*"

The plaintiff being dissatisfied with the limitation put upon the liability of Mrs. Negroni appealed from the judgment rendered, to this court, and the appeal was filed herein on the 8th of November last. The case came on to be heard on the 15th of February on oral argument presented by counsel, Don Herminio Díaz representing the appellant, and Don José de Guzmán Benítez, representing the appellee, typewritten briefs being also filed herein.

The only question involved in this case is one of law, and may be stated as follows: Does the inhibition contained in section 1328 of the Civil Code prevent a judgment obtained against a husband on a promissory note from being satisfied out of the real estate of the conjugal partnership?

We feel impelled to answer this question in the negative, notwithstanding the argument of the trial judge in his opinion rendered in the court below and set out in the record.

Article 1323 of the Civil Code provides that for all debts and obligations contracted by the husband during the marriage, the property of the conjugal partnership shall be liable, and of course it is thereby intended that all of the property

of the conjugal partnership, whether personal or real, movable or immovable, shall be subject to the debts and obligations mentioned, without excluding in any way the participation which the wife may have in the real property. Inasmuch as the law makes no distinction in such a case, we should make no distinction: *Ubi lex non distinguit nec nos distinguuere debemus.*

The provisions of article 1323 of the Civil Code cannot be considered as restrained by article 1328 of the said Code, which provides that the husband as administrator of the conjugal partnership shall not have power to give, to sell or to bind for a consideration the real estate of the partnership without the express consent of the wife. There is no actual contradiction or conflict between the articles above cited, numbers 1323 and 1328, it being possible to harmonize them entirely. The well-known rule of construction requires in all such cases that where articles or sections of the statutes or two different statutes are apparently contradictory, they shall be harmonized if possible, giving effect to both, rather than nullifying them. The legislative intent in the enactment of a statute should be constantly kept in view in construing it, and it should not be defeated by a too strict adherence to the mere words used nor should an interpretation be adopted which leads to absurd consequences. (Sutherland on Statutory Construction, sec. 215; *Oates* v. *National Bank,* 100 U. S., 239; *Atkins* v. *Disintegrating Co.,* 85 U. S., 301 and 302; *United States* v. *Kirby,* 74 U. S., 482; *Rice* v. *M. and N. Railroad Co.,* 66 U. S., 356; *Wilkinson* v. *Leland,* 27 U. S., 627; *Pennington* v. *Coxe,* 6 U. S., 52; *Gates* v. *Salmon,* 35 Cal., 587; *Taylor* v. *Palmer,* 31 Cal., 245; *San Francisco* v. *Hazen,* 5 Cal., 171.)

From article 1334 of the Civil Code it will be readily seen that, in the liquidation of the property of the conjugal partnership, all the debts and obligations of the said partnership must be paid from all of the property, without distinction,

which belongs to the said conjugal partnership; and according to article 1337 of the same Code the net amount remaining after the payment of debts is to be divided between the husband and the wife.

The theory upon which the trial judge acted in limiting the execution of the judgment virtually nullifies the conjugal partnership, since the husband is made by the law the administrator of that partnership and has authority to contract obligations binding the property thereof; hence all the property of the said partnership should be liable for such obligations.

The result of the theory followed by the trial judge would be that the wife would be required to intervene in all the obligations contracted by the husband in order for those obligations to be made a charge against the conjugal partnership, and this would virtually disqualify the husband as administrator of the partnership. Moreover, when a judgment is rendered declaring that an obligation exists, which has been contracted by the husband during the existence of the marriage, and the husband and wife are adjudged to make payment of the same, and it is further ordered that the real property of the conjugal partnership shall be made liable for the satisfaction of the said obligation, no act is done by the husband which he is prohibited from doing, without the express consent of the wife, under article 1328 of the Civil Code, but it is the law which requires that, in satisfaction of and compliance with such a judgment, both parties in the conjugal partnership shall respond with all the property belonging thereto.

The reasons given by the trial judge for his decision in this case, to wit: That—

"Otherwise the said section (meaning 1328) which is inspired with the purpose of protecting the wife, could easily be eluded by the husband, and would not be literally complied with, if it were permitted to sell the real property of the conjugal partnership by public auction, in order to pay debts contracted without the consent of the

wife; for in this manner, the said property would be bound by debts incurred against the will of the latter''

are not well founded on a proper construction of the law and do not command our approval.

Such a construction of the statute has no place in the decision of this case, since the facts do not justify it, the court having found that the evidence introduced is not sufficient to demonstrate that the said obligations were contracted in fraud of the wife, nor does it show that there was no lawful consideration for the same. Of course, in any case where the evidence shows that the husband has been attempting to make use of the powers granted him over the property of the conjugal partnership, and the obligations placed upon the partnership property, by section 1323 of the Civil Code, to injure or imperil the rights of the wife therein, the court would intervene to prevent the perpetration of a fraud, and set aside and abrogate any such obligation so contracted by the husband in fraud of the rights of the wife, as it would in any other simulated contract or fraudulent conveyance.

The construction then which the trial court attempts to put upon section 1328 is altogether strained, is not justified by the jurisprudence governing the interpretation of statutes, and cannot be sustained by the sober second thought of the judicial mind.

We have endeavored so to construe the different sections which are referred to in the Civil Code as to arrive at the legislative intent and give effect to all parts of the statute and to render practicable the administration of the property of the conjugal partnership by the husband who is constituted by law the administrator thereof.

Such being our view of the law applicable to this case, the judgment of the district court rendered herein should be so corrected as to eliminate the limitation herein referred to, and to make all the property of the conjugal partnership, both real and personal, movable and immovable, subject to the payment of the judgment herein rendered against the

defendants and in favor of the plaintiff. All costs of this appeal, as well as of the trial in the court below, should be taxed against the defendants, who are also the respondents.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.