NATIONAL BULK CARRIERS, Inc. v.
WARREN, Comptroller General of
the United States.

No. CA–5202–48.

United States District Court
District of Columbia.

March 25, 1949.

Abner H. Ferguson, and Watters, Cowan, & Baldridge, all of Washington, D. C., Bigham, Engler, Jones & Houston, of New York City, for plaintiff.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D. C., for defendant.

PINE, District Judge.

This case is before me on a motion by defendant to dismiss the complaint for failure to state a cause of action, and on a motion by plaintiff for summary judgment. The facts are undisputed, and are as follows:

In 1944 plaintiff filed an action against the United States, in the United States District Court for the District of Delaware. Its claim was based on a contract of insurance issued to plaintiff by the Administrator, War Shipping Administration, in respect of the Steamship Virginia. This vessel had been previously requisitioned by the United States from plaintiff, and was sunk by a German submarine in 1942. In 1948 plaintiff recovered final judgment against the United States in the amount of $2,631,-905.54. The Attorney General transmitted certified copies of the judgment to the United States Maritime Commission, with instructions to process the same for pay-

ment; and the Commission transmitted a certified copy of the judgment to defendant and certified that the judgment was in order for payment, and that there was no outstanding indebtedness of plaintiff to the Commission.

Thereafter plaintiff received a copy of "Notice of Settlement of Claim," issued by defendant, certifying that there was due plaintiff from the United States the sum of money above mentioned, with interest, the check to issue, however, to the Treasurer of the United States "to partially liquidate" plaintiff's indebtedness for vessels purchased by it from the United States "in accordance with Public Law 269, 80th Congress, 1st Session, approved July 30, 1947 [61 Stat. 585]."

There is no indebtedness due from plaintiff to the United States, or any agency thereof. Over a period of years plaintiff has from time to time purchased a number of vessels from the Maritime Commission and has paid the down payments as required and has given serial notes payable on specific dates in the future for the balance of the purchase price, secured by preferred mortgages on said vessels. All of these notes have been paid when due, and none is now due. The payments on these notes not yet due will become due at various dates in the future, running to October 4, 1965. There is no provision in the contracts of purchase of these vessels or in the notes or the mortgages, by which payment may be required by the United States in advance of the dates specified, in the absence of default, and as above stated, there has been no default. This action of the defendant has deprived plaintiff of a large sum of money required as working capital in the operation of its business and for the construction of tank vessels whose completion is required not only in the interest of plaintiff but in the interests of commerce and national defense.

The plaintiff prays that defendant be required to rescind the Notice of Settlement of Claim and to pay plaintiff the amount of the judgment, with lawful interest.

 Sec. 227, Title 31 U.S.C.A.,[1] prescribes the duties of defendant in respect of "Offsets against judgments against United States." Among other things, it makes it defendant's duty, when, as in this case, the judgment creditor refuses to consent to the set-off, to cause legal proceedings immediately to be commenced to enforce the same. This he has not done, and he concedes that if such proceedings were commenced, the judgment would be against the United States. The United States Court of Appeals for the District of Columbia has held in such circumstances, in an opinion [2] written by Mr. Justice (now Chief Justice) Vinson, that only a suit to recover the claimed set-off justifies the withholding of money adjudged by a court to be payable

[1] "OFFSETS AGAINST JUDGMENTS AGAINST UNITED STATES. When any final judgment recovered against the United States duly allowed by legal authority shall be presented to the Comptroller General of the United States for payment, and the plaintiff therein shall be indebted to the United States in any manner, whether as principal or surety, it shall be the duty of the Comptroller General of the United States to withhold payment of an amount of such judgment equal to the debt thus due to the United States; and if such plaintiff assents to such set-off, and discharges his judgment or an amount thereof equal to said debt, the Comptroller General of the United States shall execute a discharge of the debt due from the plaintiff to the United States. But if such plaintiff denies his indebtedness to the United States, or refuses to consent to the set-off, then the Comptroller General of the United States shall withhold payment of such further amount of such judgment, as in his opinion will be sufficient to cover all legal charges and costs in prosecuting the debt of the United States to final judgment. And if such debt is not already in suit, it shall be the duty of the Comptroller General of the United States to cause legal proceedings to be immediately commenced to enforce the same, and to cause the same to be prosecuted to final judgment with all reasonable dispatch. And if in such action judgment shall be rendered against the United States, or the amount recovered for debt and costs shall be less than the amount so withheld as before provided, the balance shall then be paid over to such plaintiff by such Comptroller General of the United States with 6 per centum interest thereon for the time it has been withheld from the plaintiff."

[2] Hines v. United States ex rel. Marsh, 70 App.D.C. 206, 105 F.2d 85, 93.

by the government, and that, lacking such a suit, nothing remains "but the ministerial action of * * * the Comptroller General to liquidate this obligation." But defendant contends that this plain command of the law has been superseded in this instance by a provision in the Independent Offices Appropriation Act, 1948,[3] which provides as follows:

"Whenever, in connection with any transaction involving the sale, purchase, or requisition of any vessel, the United States shall be or become obligated to pay any sum to the other party to the transaction and said other party shall be or is indebted to the United States on account of any transaction involving the sale, purchase, or requisition of any vessel the amount so owing to the United States shall be deducted from the amount due the other party, and no officer or employee of the Government shall pay to such other party a sum greater than the net amount owing the other party." This provision in the Appropriation Act does not expressly repeal Sec. 227, supra. Nor can repeal be implied or inferred under controlling criteria.[4] The Act does not include judgments in its terms; Sec. 227, supra, relates exclusively thereto. The legislative history of the Act[5] indicates that it was intended to prevent cash payments of rebates granted under the Merchant Ship Sales Act of 1946[6] and to require that they be applied to outstanding loans in ship purchase transactions. Moreover, the judgment herein is based on a claim under a contract of War Risk Insurance and not on a "transaction involving the * * * requisition of any vessel"[7]; and this fact removes it from the Act.

Furthermore, the construction placed upon the Act by defendant would make it unconstitutional in that, as so construed, it would accelerate the due date of the payments on the notes, contrary to their provisions, and thus take property without just compensation and abrogate contractual obligations. As stated by Mr. Justice Brandeis in Lynch v. United States, 292 U.S. 571, 579, 54 S.Ct. 840, 843, 78 L.Ed. 1434.

"The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property, whether the obligor be a private individual, a municipality, a state or the United States. Rights against the United States arising out of a contract with it are protected by the Fifth Amendment. United States v. Central Pacific R. Co., 118 U.S. 235, 238, 6 S.Ct. 1038, 30 L.Ed. 173; United States v. Northern Pacific Ry. Co., 256 U.S. 51, 64, 67, 41 S.Ct. 439, 65 L.Ed. 825. When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals. * * * Punctilious fulfillment of contractual obligations is essential to the maintenance of the credit of public as well as private debtors. * * * But Congress was without power to reduce expenditures by abrogating contractual obligations of the United States."

■■ It is the duty of the courts, where there are two possible constructions, to adopt that one which is consistent with the constitutionality of the Act under consideration.[8] Finally, a sensible construction[9] of the Act in question forbids a conclusion that Congress intended any change in the

---

[3] Public Law 269, approved July 30, 1947, 61 Stat. 604.

[4] In Town of Red Rock v. Henry, 106 U.S. 596, 601, 1 S.Ct. 434, 439, 27 L.Ed. 251, the court said: "The result of the authorities cited is that when an affirmative statute contains no expression of a purpose to repeal a prior law, it does not repeal it unless the two acts are in irreconcilable conflict, or unless the later statute covers the whole ground occupied by the earlier and is clearly intended as a substitute for it, and the intention of the legislature to repeal must be clear and manifest."

[5] Independent Offices Appropriation ■■

Bill 1948, House Report No. 589, 80th Congress, page 31.

[6] 60 Stat. 41, Title 50 U.S.C.A.Appendix §§ 1735–1746.

[7] National Bulk Carriers v. United States, D.C., 56 F.Supp. 765; United States v. Leahy, 3 Cir., 148 F.2d 462; National Bulk Carriers, Inc., v. United States, D.C., 73 F.Supp. 622; Id., 3 Cir., 169 F.2d 943.

[8] Anniston Mfg. Co. v. Davis, 301 U.S. 337, 351, 57 S.Ct. 816, 81 L.Ed. 1143; Ex parte Mitsuye Endo, 323 U.S. 283, 299, 65 S.Ct. 208, 89 L.Ed. 243.

[9] United States v. Kirby, 74 U.S. 482, 7 Wall. 482, 19 L.Ed. 278.

specific procedure and duties prescribed by Section 227, supra, which is applicable herein and which requires that mandamus shall issue.

I am not unaware of the cases [10] which hold that mandamus will lie against a public officer only where the duty is so plainly prescribed as to be free from doubt, and that where it is not so plainly prescribed but depends upon a statute the construction of which is in doubt this remedy is not available, but in my opinion the case at bar meets this rigid test.

The motion to dismiss, therefore, will be denied, and the motion for summary judgment granted.

[10] Wilbur v. United States, 281 U.S. 206, 218, 219, 50 S.Ct. 320, 74 L.Ed. 809, and cases cited therein.

Miguel v. McCarl, 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901.