The STATE OF ISRAEL, MINISTRY OF DEFENCE, Plaintiff,

v.

Edward J. BRENNER, Commissioner of Patents, Defendant.

Civ. A. No. 173-67.

United States District Court
District of Columbia.

Sept. 28, 1967.

Ellsworth H. Mosher, Washington, D. C., and Sidney Neuman, Chicago, Ill., for plaintiff.

Joseph Schimmel, Sol., Patent Office, and Jere W. Sears, counsel for Patent Office, Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action under the Patent Laws. It presents the question whether a reissue patent may be granted for the purpose of correcting an omission to perfect a claim to the benefit of a prior filing date of a parent application in a foreign country; specifically, whether a failure to file a certified copy of the original foreign application in due time may be cured by a later filing and whether thereafter a reissue patent may be obtained with a valid claim to the right of priority based on the foreign application. This action is brought under 35 U.S.C. § 145, to authorize the Commissioner of Patents to grant to the plaintiff a reissue patent on an application that the Commissioner has rejected. The facts are not in dispute and the matter is before the Court on cross-motions for summary judgment.

The plaintiff in this action is the State of Israel, which is the owner of rights to an invention developed in its Ministry of Defence by one of its employees, consisting of a device for limiting the speed of rotation of a body. The

invention was originally patented in Israel and an application for a patent of the United States was submitted to the United States Patent Office within a year after the filing of the original foreign application. Under these circumstances the plaintiff is entitled to the benefit of the earlier filing date, 35 U.S.C. § 119. The plaintiff claims this right of priority, but because of a failure to perfect the claim due to an inadvertent omission to file a certified copy of the original foreign application before the United States patent was granted, the United States patent was issued without any notation of the right of priority. Subsequently, a certified copy of the original foreign application was filed and an application for a reissue patent was made to the United States Patent Office, solely for the purpose of making the necessary correction by awarding to the applicant the right of priority. The Patent Office denied the application on the ground that there was no authority to grant a reissue patent for the purpose of curing such an omission. Only a question of law is involved, namely, whether the statute governing reissue of patents is applicable under these circumstances and whether the plaintiff is entitled to a reissue.

The original patent application was filed in Israel on November 26, 1961, and was numbered 16,378. A year later, on November 26, 1962, an application was filed in the United States Patent Office, Serial No. 239,996. The letter of transmittal from the plaintiff's American patent attorneys to the United States Patent Office contained a statement that the American application corresponded to the application previously filed in Israel. The oath attached to the American application also stated that application No. 16,378, had been filed in Israel on November 26, 1961, for the same invention.

The American application was allowed and United States patent No. 3,149,702 was issued on August 3, 1964. The United States patent, however, did not recite the claim for priority as of the foreign filing date. Plaintiff had failed to comply with the requirement of 35 U.S.C. § 119, that a certified copy of the original foreign application be filed in the Patent Office as a prerequisite to the grant of this right of priority. The pertinent provisions of that Section read as follows:

"No application for patent shall be entitled to this right of priority unless a claim therefor and a certified copy of the original foreign application, specification and drawings upon which it is based are filed in the Patent Office before the patent is granted, or at such time during the pendency of the application as required by the Commissioner not earlier than six months after the filing of the application in this country."

The required certified copy had been forwarded by the plaintiff to its American patent attorneys, but as a result of some oversight in the routine of their office, the certified copy was not timely filed in the Patent Office. It was filed subsequently and an application for a reissue patent was presented. The only correction requested in the reissue was the insertion of a statement that "the applicant claims priority, application Israel, November 26, 1961, No. 16,378." The Examiner rejected the application for reissue. His decision was affirmed by the Board of Appeals of the Patent Office. It ruled that the statute authorizing reissue of patents, could not be invoked in the situation presented in this case.

The granting of reissue patents is governed by 35 U.S.C. § 251, the pertinent provisions of which read as follows:

"Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, *by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim* in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application,

for the unexpired part of the term of the original patent." [Emphasis supplied.]

\* \* \* \* \* \*

"The provisions of this title relating to applications for patent shall be applicable to applications for reissue of a patent, except that application for reissue may be made and sworn to by the assignee of the entire interest if the application does not seek to enlarge the scope of the claims of the original patent."

■■■ It is apparently the view of the Patent Office that the clause in this statute permitting the grant of a reissue patent "by reason of the patentee claiming more or less than he had a right to claim in the patent" is limited to the claims defining the invention and does not extend to a claim to a right of priority on the basis of a foreign date. In the opinion of this Court, this is too narrow a view. No reason is perceived why the word "claim" should be construed and confined to claims to the invention. Section 119 uses the term "claim" in connection with a right of priority. No basis is discernible for not interpreting the word "claim" used in Section 251 as comprizing claims of both types; claims to the invention and claims to rights of priority under Section 119. Such a construction seems reasonable. It gives full force and effect to both Sections and meets the possible contention that the two may be inconsistent. The purpose of the statute governing reissue of patents is to provide a remedy and method for correcting errors made by applicants or their attorneys. The Congressional intent should be effectuated and should not be defeated or limited by artificial restrictions. The statute is remedial and should be liberally construed, Application of Willingham (Cust.. & Pat.App.) 282 F.2d 353.

■■■ It is an elementary principle of statutory interpretation that all laws should receive a sensible and reasonable construction. The reason of the law should prevail over its letter, United States v. Kirby, 7 Wall. 482, 486–487, 19 L.Ed. 278; Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226; Sorrells v. United States, 287 U.S. 435, 446, 53 S.Ct. 210, 214, 77 L.Ed. 413. In the last cited case Chief Justice Hughes stated:

"Literal interpretation of statutes at the expense of the reason of the law and producing absurd consequences or flagrant injustice has frequently been condemned."

In Benger Laboratories, Limited v. R. K. Laros Company, (ED–Pa.) 209 F. Supp. 639, 645, Judge Kirkpatrick expressly held that reissues are permissible for the sole purpose of perfecting a defective claim to priority. In that case the specification in the original patent had omitted an example and a drawing, which were needed to sustain such a claim. The application for a reissue sought to insert the omitted matter. A reissue was granted, and its validity was sustained by the Court.

■■ In the light of the foregoing discussion, the Court concludes that the phrase "claim in the patent" as used in Section 251 includes a claim to a right of priority on the basis of a foreign filing date and is not limited to claims defining the invention; that a patent may be reissued for the purpose of establishing a claim to priority which was not asserted, or which was not perfected during the prosecution of the original application; and that, accordingly, the plaintiff is entitled to a reissue of its patent.

The plaintiff's motion for summary judgment is granted and the defendant's motion for summary judgment is denied.

Counsel may submit an appropriate order.