Decided April 15, 1989

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN )     DCA No. 88-9016
MARIANA ISLANDS,               )     CTC No. 88-57
                               )
       Plaintiff/Appellee, )
                               )
      v.                    )
                               )
SANTIAGO IGUEL,             )     OPINION
                               )
       Defendant/Appellant )
                               )

Attorney for Appellant:        MARYBETH HERALD
                               Fitzgerald, Herald & Bergsma
                               P.O. Box 909
                               Saipan, MP 96950
                               Telephone: (670) 234-7241

Attorney for Appellee:         RAYMOND D. BUSO
                               Assistant Attorney General
                               P.O. Box 791
                               Saipan, MP 96950
                               Telephone: (670) 234-8370

BEFORE:    Judges MUNSON, and HILL,[*] District Judges, and HEFNER.[**]

HEFNER, Judge:

Defendant was convicted of manufacturing marijuana in violation of 6 CMC § 2141. For the reasons that follow, we reverse his conviction and remand for entry of a judgment of acquittal.

---

[*]    The Honorable Irving Hill, Senior Judge, United States District Court for the Central District of California, sitting by designation.

[**]    The Honorable Robert A. Hefner, Chief Judge, Commonwealth Trial Court, sitting by designation.

## FACTS

Police officers executed a search warrant on defendant's residence on April 13, 1988 and confiscated six growing marijuana plants. A small amount of dried marijuana was found inside the residence. Defendant was arrested and gave a statement to the police in which he admitted that the seized marijuana belonged to him but maintained that it was for his personal use.

Defendant was charged with a violation of 6 CMC § 2141, which provides that "It shall be unlawful for any person knowingly or intentionally . . . to manufacture, deliver or possess with intent to manufacture, deliver or dispense, a controlled substance." He was tried before the court, which found that the marijuana confiscated was for the defendant's personal use. The court nevertheless found the defendant guilty of manufacturing marijuana and sentenced him to 18 months in prison and 40 hours of community service. This appeal followed.[1]

## DISCUSSION

Section 2141(a)(1) of the Commonwealth Criminal Code prohibits three offenses: manufacturing a controlled substance,

---

[1] In his papers, Iguel discusses at length the rebuttable presumption of trafficking that is created from possession of 2.2 pounds or more of marijuana. It is not clear why Iguel raises this issue, as he was charged with only possession of only 2 pounds of marijuana. In light of this court's disposition of the matter, however, a discussion of the presumption issue is unnecessary.

758

delivering a controlled substance, or possessing a controlled substance with the intent to manufacture, deliver or dispense it. 6 CMC § 2141(a)(1) (1986). Defendant was convicted of manufacturing marijuana in violation of this section. "Manufacturing" is a defined term within the Criminal Code, and is defined as

> the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin . . . <u>except that this term does not include the preparation or compounding of a controlled substance by an individual for his or her own use</u> . . . .

6 CMC § 2102(m) (1986) (emphasis added). The trial judge specifically found that the defendant possessed the marijuana for his personal use; nevertheless, he convicted the defendant for manufacturing marijuana.

In arguing that the conviction should be affirmed, the government points out that the exemption for personal use contained in § 2102(m) refers only to the acts of preparing or compounding a controlled substance. The government further points out that the term "manufacture" is defined as any of six separate acts: producing, preparing, propagating, compounding, converting, or processing a controlled substance. The government concludes, and asks this court to conclude as well, that the Legislature intended that only preparing or compounding a controlled substance for personal use would be exempt from punishment under the narcotics laws.

Taken to its logical extreme, the government's proposed

construction of the statutes would require the conviction of a person who merely grew marijuana for his personal use, but would require the acquittal of a person who "prepared" the same marijuana by cutting it down and leaving it to dry with the intention of personally using the marijuana. Such an anomalous result could not have been intended by the Legislature when it created the personal use exemption, and the statute should not be construed to produce such an anomalous result. E.g., Government of the Virgin Islands v. Berry, 604 F.2d 221,225 (3d Cir. 1979) ("All laws should receive a sensible construction.") (quoting United States v. Kirby, 74 U.S. (7 Wall.) 482, 486-87 (1868 )).

The only sensible construction of the statute is that the "personal use" exception applies to all six of the defined methods of manufacturing a controlled substance. Applying this definition to the facts of this case, Mr. Iguel's conviction must be reversed. The evidence is clear that the confiscated plants had not yet been harvested, and that Mr. Iguel was only growing marijuana at the time the search warrant was executed. This fact, in addition to the trial court's specific finding that the marijuana was for Iguel's personal use, requires that Iguel be acquitted of the crime with which he has been charged.

## CONCLUSION

For the above-stated reasons, the defendant's conviction is

REVERSED and the cause is REMANDED with instructions to enter a judgment of acquittal.

DATED: *April 15, 1989*

_____
ALEX R. MUNSON, District Judge

_____
IRVING HILL, District Judge

_____
ROBERT A. HEFNER, Judge