# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2025

Lyle W. Cayce
Clerk

—————————

No. 24-10377

—————————

BRUCKNER TRUCK SALES, INCORPORATED,

*Plaintiff—Appellant*,

*versus*

ISABEL GUZMAN, *in her Official Capacity as Administrator of* THE SMALL BUSINESS ADMINISTRATION; UNITED STATES SMALL BUSINESS ADMINISTRATION; SCOTT BESSENT, *Secretary, U.S. Department of Treasury*; UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES OF AMERICA,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CV-97

———————————————————————

Before KING, HO, and RAMIREZ, *Circuit Judges*.

JAMES C. HO, *Circuit Judge*:

During the COVID-19 pandemic, Congress created the Paycheck Protection Program ("PPP") to help eligible small businesses maintain payroll amid government shutdowns of the economy. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116–136, § 1102, 134 Stat. 281, 286–94 (2020) ("CARES Act").

No. 24-10377

The PPP has two main components.  It directs the Small Business Administration ("SBA") (1) to guarantee loans to certain eligible businesses, and (2) to forgive those loans, if certain additional conditions are met.  *See* 15 U.S.C. §§ 636, 636m.

It stands to reason, of course, that if a business is not entitled to a guaranteed loan, then it's not entitled to forgiveness of that loan, either.  It would defy ordinary logic to forgive a loan that shouldn't have been granted to begin with.  Nothing in the text of the CARES Act contradicts that basic principle.  And that should be fatal to this appeal.

Bruckner Truck Sales received a $10 million guaranteed PPP loan.  But the SBA later discovered that Bruckner was ineligible for the loan.  So the SBA directed Bruckner to return the funds.

Bruckner concedes that it was ineligible for the loan.  But instead of returning the funds, Bruckner insisted that it was entitled to forgiveness of the loan under the CARES Act.  Neither text nor common sense justifies the $10 million benefit Bruckner seeks.  So the district court was right to reject Bruckner's claim.  We accordingly affirm.

## I.

We review the grant of summary judgment de novo, and apply the Administrative Procedure Act's standard of review to the actions of the SBA.  *See Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 627 (5th Cir. 2001).  An agency decision must be set aside if it was "in excess of statutory . . . authority," or "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law."  5 U.S.C. § 706(2)(A), (C).  Bruckner's Rule 59(e) motion asked only that the district court reconsider its summary judgment ruling on the merits, so our review of the denial of that motion is also de novo.  *See Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 616 n.6 (5th Cir. 2020).

No. 24-10377

## II.

The CARES Act defines an "eligible recipient" as "the recipient of a covered loan." 15 U.S.C. § 636m(a)(10). It defines a "covered loan" as "a loan guaranteed under section 636(a)(36)." *Id.* § 636m(a)(1).

Bruckner concedes that it was ineligible for a covered loan. But it nevertheless contends that it is eligible for loan forgiveness. To justify that counter-intuitive result, Bruckner theorizes that "guaranteed under section 636(a)(36)" simply means that the loan was made "pursuant to" that statute—not that the loan was actually issued "in accordance with" the requirements of that statute.

The Supreme Court has observed that the word "'under' is a chameleon." *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 124 (2018) (citation omitted). Depending on the statute, it could mean "pursuant to"— or it could mean "in accordance with." *See*, *e.g.*, Black's Law Dictionary (12th ed. 2024) (defining "under" as "pursuant to"); Oxford English Dictionary 950 (2d ed. 1989) (defining "under" as "[i]n accordance with"). The Supreme Court has applied different meanings on different occasions. *Compare*, *e.g.*, *Harrow v. Dep't of Defense*, 601 U.S. 480, 486 (2024) (construing the word "under" as "identif[ying] the provision that served as the basis for the filing but without addressing whether the latter conformed to the former's every requirement"), *with Pereira v. Sessions*, 585 U.S. 198, 215 (2018) (finding that "the word 'under' provides the glue" that connects a time-bar rule to substantive time-and-place requirements mandated by an immigration statute).

So we must draw the meaning of "under" from its context. *Nat'l Ass'n of Mfrs.*, 583 U.S. at 124.

3

No. 24-10377

The context here is Congress's creation of a lending program aimed at specific potential borrowers, coupled with loan forgiveness. *See* 15 U.S.C. §§ 636(a)(36), 636m.

It would be bizarre for Congress to decide to forgive a loan that the borrower wasn't even eligible to receive to begin with, in the random happenstance that the relevant authorities didn't discover the ineligibility until after the funds were released. It's hard to imagine any reasonable policymaker designing a loan forgiveness scheme that confers massive payouts to certain ineligible borrowers, just because the regulator happened to be asleep at the switch. We do not lightly embrace interpretations of legal texts that result in "absurd consequences," *United States v. Kirby*, 74 U.S. 482, 486 (1868), or "create[] a massive loophole," *County of Maui v. Hawaii Wildlife Fund*, 590 U.S. 165, 179 (2020). Bruckner bears the burden of showing how the text requires us to reach the highly counterintuitive and absurd result that it favors. It falls far short of the mark.[1]

## III.

Bruckner raises three alternative arguments for reversal. None are persuasive.

The first two arguments stem from the SBA's initial reliance on an Interim Final Rule ("IFR") to deny forgiveness. Early in the PPP's

---

[1] Bruckner argues that a separate provision, empowering the SBA to adjust loan forgiveness for ineligible holders of covered loans that are $150,000 or less, somehow shows that Congress contemplated the possibility of ineligible recipients—and only gave the SBA the authority to deny forgiveness in that limited context. *See* 15 U.S.C. § 636m(l)(1)(E)(iii). We do not see how that provision bears the weight that Bruckner would put on it—especially considering that Congress has given the Administrator broad authority to "take any and all actions" "he determines" "necessary or desirable in making, servicing, compromising, modifying, liquidating, or otherwise dealing with" SBA loans. 15 U.S.C. § 634(b)(7).

implementation, the SBA issued the IFR to clarify that, under the CARES Act, loan forgiveness is available only to those borrowers who are actually eligible for the underlying loan. *See* 85 Fed. Reg. 33,010, 33,012–13 (June 1, 2020).

Bruckner contends that the IFR is unconstitutionally retroactive, and that applying the IFR to its loan is "harsh, oppressive, arbitrary, and irrational." We disagree. "[I]f an interpretative regulation merely clarifies what the language of the statute was intended to convey, it is ultimately misleading to term it retroactive." *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 985 n.30 (5th Cir. 1977). The IFR merely clarifies what the CARES Act already conveys—that loan forgiveness is limited to eligible recipients.

Bruckner next argues that the SBA violated the *Chenery* doctrine, because initially, the SBA justified the denial of forgiveness based on the IFR, rather than on the statutory arguments raised to the district court. *See SEC v. Chenery Corp.*, 318 U.S. 80 (1943). But the IFR itself cites the CARES Act, and it interprets forgiveness eligibility according to the statute. *See* 85 Fed. Reg. at 33,012–13. "When an agency's initial explanation indicates the determinative reason for the final action taken, the agency may elaborate later on that reason." *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 21 (2020).

Finally, Bruckner argues that the district court impermissibly deferred to the SBA's interpretation of the CARES Act, in violation of *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). To be sure, the district court noted that the SBA's reading "warrants deference under *Chevron*." But the district court also engaged in seven pages of independent statutory analysis, and expressly stated that its "conclusion stands wholly apart from *Chevron*."

No. 24-10377

\* \* \*

"There is no such thing as public money; there is only taxpayers' money."[2]  Congress did not authorize the random distribution of precious taxpayer dollars to ineligible borrowers based on the arbitrary happenstance of bureaucratic error.  We agree with the district court that the CARES Act does not forgive PPP loans issued to borrowers who are ineligible to receive them.  Accordingly, we affirm.

_____

[2] Margaret Thatcher, *Speech to Conservative Party Conference* (Oct. 14, 1983), *available at* https://www.margaretthatcher.org/document%2F105454.