**[J-91-2024] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| JARRETT COLEMAN, | : | No. 33 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1416 |
| | : | CD 2022 dated November 8, 2023, |
| v. | : | Affirming and Reversing the Order of |
| | : | the Lehigh County Court of Common |
| | : | Pleas, Civil Division, at No. 2021 |
| PARKLAND SCHOOL DISTRICT, | : | C-2666 dated November 17, 2022. |
| | : | |
| Appellant | : | ARGUED:  November 20, 2024 |

**CONCURRING OPINION**

JUSTICE BROBSON                                          DECIDED:  November 24, 2025

I join Parts I-III, IV.A., IV.D., and V of the Majority Opinion.  I agree with the Majority that we are bound by principles of statutory construction to utilize the common, plain, disjunctive meaning of the term "or" in construing Section 712.1(a) of the Sunshine Act,[1] 65 Pa. C.S. § 712.1(a); that Section 712.1(a) is unambiguous; and that "the text of an unambiguous statute, and not its alleged spirit, defines its purpose and meaning." (Majority Op. at 17-18.)  As a result, I similarly interpret Section 712.1(a) of the Sunshine Act as providing four exceptions—*i.e.*, subsections (b), (c), (d), and (e)—to its general prohibition that "an agency may not take official action on a matter of agency business at a meeting if the matter was not included in the notification required under

---

[1] The Sunshine Act is codified at 65 Pa. C.S. §§ 701-716.

[S]ection 709(c.1) [of the Sunshine Act, 65 Pa. C.S. § 709(c.1)] (relating to public notice)." 65 Pa. C.S. § 712.1(a).

I do not join Parts IV.B. and IV.C. of the Majority Opinion. I part ways with the Majority's analysis to the extent that it attempts to make sense of the incredibly broad exception contained in Section 712.1(e) of the Sunshine Act, 65 Pa. C.S. § 712.1(e). Quite frankly, any exception to the public notice provision in Section 709(c.1) of the Sunshine Act necessarily involves some level of tension with the public policy advanced by the General Assembly. *See* 65 Pa. C.S. § 702(b) (setting forth General Assembly's declaration that it is "the public policy of this Commonwealth to insure the right of its citizens to have notice of and the right to attend all meetings of agencies at which any agency business is discussed or acted upon as provided in [the Sunshine Act]"). Nevertheless, Section 712.1 of the Sunshine Act provides seemingly practical and reasonable exceptions to the public notice requirement of Section 709(c.1) through subsections (b), (c), and (d), which authorize an agency in the absence of such public notice to act in limited and narrow circumstances—*i.e.*, for emergencies under subsection (b) and in certain matters that are "de minimis in nature [that] do[] not involve the expenditure of funds or entering into a contract or agreement by the agency" under subsections (c) and (d). Subsection (e), however, removes all confines placed on an agency by the General Assembly in subsections (a) through (d) and permits a matter to be added to the agenda upon a mere majority vote, provided that the "reasons for the changes to the agenda [are] announced at the meeting before any vote is conducted to make the changes to the agenda." 65 Pa. C.S. § 712.1(e). In my mind, the tension between the declaration of the General Assembly in Section 702 and its amendment of the statute to include subsection (e) of Section 712.1 is stark.

This obvious tension, however, does not allow us to avoid calling subsection (e) anything other than what it is—*i.e.,* a fourth exception under Section 712.1(a) of the Sunshine Act to the public notice requirement. Indeed, this conclusion is compelled by the simple fact that "or" means or. Section 712.1(a) is clear and free from all ambiguity. *See* 1 Pa. C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Pursuant to subsection (a), the agency may proceed under subsections (b), (c), (d), "or" (e) of Section 712.1. 65 Pa. C.S. § 712.1(a). While I conclude that this reading seems absurd in that the fourth exception arguably engulfs the first three and thoroughly cuts against the General Assembly's stated policy of advance public notice, nothing in the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991, empowers this Court to save the public from an explicit—*i.e.,* clear and free from all ambiguity—statute that is unwise or even absurd.[2] In this situation, unless the statute is unconstitutional or invites unconstitutional application, we apply the statute as written.[3] Whatever consequences flow therefrom are the General Assembly's to address.

---

[2] Because we find the statutory language unambiguous, we cannot apply the presumptions set forth in Section 1922 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922. *Commonwealth v. Green*, 291 A.3d 317, 328 (Pa. 2023) (*Green*) ("If the statute . . . [is] not ambiguous, then we cannot apply the presumptions set forth in Section 1922 of the Statutory Construction Act."). This includes the presumption that "the General Assembly did not intend a result that is absurd." 1 Pa. C.S. § 1922(1).

[3] The federal absurdity doctrine allows a court to deviate from the plain meaning of a statute if the plain meaning would lead to an absurd outcome. *United States v. Kirby*, 74 U.S. 482, 486-87 (1868). This Court briefly discussed the doctrine in *Green*. *Green*, 291 A.3d at 328-30. To my knowledge, however, this Court has never adopted the federal absurdity doctrine nor relied upon it to strike an unambiguous statute. Moreover, the parties in this matter have not invoked the absurdity doctrine.