## McFARLAND v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
June 6, 1927.

No. 4731.

Aliens ⟨⟩59—Defendant aiding and accompanying alien held not to "bring into or land in United States" such alien (Immigration Act 1917, § 8 [Comp. St. § 4289¼dd]).

Immigration Act 1917, § 8 (Comp. St. § 4289¼dd), making it an offense to "bring into or land in the United States" any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter, applies to the bringing in or landing of the alien surreptitiously, without inspection, and the offense *held* not committed by one who accompanied an alien on a ferryboat across the international boundary and to the inspection line, though he promoted and aided the attempt of the alien to fraudulently pass the inspection. In such case the alien was neither brought in nor landed in the United States; nor was an attempt to bring him in made by the one accompanying.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bring in.]

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Criminal prosecution by the United States against John McFarland. Judgment of conviction, and defendant brings error. Reversed.

Following him, Matthew claimed to be Robert Clement, residing in Detroit, and presented his certificate. The inspector detained him for further appearance and investigation before the Board of Inquiry. Coming before that board a few minutes later, and being sworn, Matthew frankly stated his true name, that he was not entitled to admission and knew he was not, and that he had hoped to enter under the name of his brother-in-law, Clement. The father, John, was then brought before the board, and at first testified that the young man present was not his son, but was Clement, and was residing in Detroit. A little later John also admitted to the board, very completely, the true facts. Whereupon John was indicted for violation of section 8 of the Immigration Act of 1917 (Comp. St. § 4289¼dd), for that he "did unlawfully, willfully, and knowingly bring into and land in the United States from a certain ferryboat" (count 1) "an alien not duly admitted by an

immigration inspector," and (count 2) "an alien not lawfully entitled to enter." This section 8 is quoted in the margin.[1] The whole question involved on this writ of error is whether the facts support the conviction.

O. Guy Frick, of Detroit, Mich., for plaintiff in error.

David Polasky, of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and GORE, District Judge.

DENISON, Circuit Judge (after stating the facts as above). In passing, we note a question as to the sufficiency of the indictment. The statute is unfortunately ambiguous in its use of the alternative. The offense is defined with reference to "any alien not duly admitted by an immigrant inspector *or* not lawfully entitled to enter or to reside within the United States under the terms of this act." Is it necessary, in making out the offense, that the alien should have both attributes, viz. should neither have been admitted nor be entitled to enter; or is it sufficient if the alien has either disqualification, viz. either has never been admitted or is not entitled to enter? Either construction falls back upon a doubtful intent; but we think the question not now necessarily to be decided, because, with either meaning, there is an insuperable difficulty in applying section 8 to the facts of this situation.

What John McFarland did was to aid and promote another's attempt unlawfully to pass the inspection line. Is this "to bring into or land in the United States"? From its context this language seems to refer to persons who are like the master of a vessel, although by the words "or otherwise" it reaches to other conveyances. The verbs in question are appropriate to a relatively active

1 "That any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor, or attempt to conceal or harbor, or assist or abet another to conceal or harbor in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States under the terms of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not exceeding $2,000 and by imprisonment for a term not exceeding five years, for each and every alien so landed or brought in or attempted to be landed or brought in."

conduct which affects a relatively passive immigrant. They are appropriate to one who transports, and are distinctly inappropriate, although not necessarily inapplicable, to one who persuades or aids the immigrant to take himself by public conveyance up to the inspection line for examination, whether or not he gets through. Their unsuitability is emphasized by the complete association—to "bring into the United States" any alien not duly admitted by an immigrant inspector. Only by great stretch will this reach one who only helps, or, in a sense, "brings," an alien up to the inspector for admission.

An alien may get into the United States in either of two ways: He may come up to the established point of inspection and submit himself for examination, and for admission or rejection, or he may endeavor to avoid this examination and come into or land in the United States surreptitiously. The statute has its full normal field of application, if it is restricted to entry at other than the inspection points, to that "landing" or "bringing" which escapes inspection. One who merely crosses the international line on a boat, and then crosses the dock to the immigration office for examination, has not come into the United States. He has neither been landed in, nor been brought in, under any accuracy of definition. He is subject to exclusion, not deportation. Even if he is then passed and walks in, so that he has fully entered, he has not been brought in. He is the actor, not the object of another's action.

Upon the whole, and considering also the general rule that presumptions are against the creation by ambiguous language of a new crime, we conclude that John McFarland did not "bring into" or "land in" the United States his alien son, within the meaning of this section 8. It is true that, since this section penalizes an attempt as well as an accomplishment of the act, and since there may be therefore a conviction of an attempt under an indictment charging only the act (U. S. Code, tit. 18, § 565; U. S. Comp. St. § 1701), we should not overlook the somewhat closer question which might arise upon a new trial, whether the furnishing of the aid to enable Matthew to get past the inspector was an attempt to bring him in. If the act, completed as intended, would not have been the act forbidden by the statute, and we think it would not, the unsuccessful effort cannot be the statutory attempt. Due application of the rule of strict construction of penal statutes, and the fact that certain acts of this class, aiding the intent to deceive the inspector, have been selected and specifically penalized

(section 16 [Comp. St. § 4289¼i]—perjury), convince us that the facts of the case do not show any attempt to violate section 8.

The judgment must be reversed, and the case remanded for further proceedings.