Richard YAW, also known as Dicky-
man, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14857.

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1955.

Eichi Oki, Honolulu, Hawaii, for ap-
pellant.

Louis B. Blissard, U. S. Atty., Charles
B. Dwight, III, Charles R. Wichman,
Asst. U. S. Attys., Honolulu, Hawaii,
Lloyd H. Burke, U. S. Atty., San Fran-
cisco, Cal., for appellee.

Before DENMAN, Chief Judge,
BONE, Circuit Judge, and BYRNE, Dis-
trict Judge.

DENMAN, Chief Judge.

Richard Yaw appeals from a judgment
of conviction on the following charge
of an indictment against him and other
persons:

"That on or about September 30,
1954, in the City and County of
Honolulu, Territory of Hawaii, and
within the jurisdiction of this
Court, Robert Yaw, Richard Yaw,
also known as Dickyman, and Ed-
ward Joseph Peltier, Jr., also known
as Eddie, being persons who, as
transfer*ees*, were required to pay
the transfer tax imposed by Section
2590(a) of Title 26, United States
Code, did knowingly, willfully, un-
lawfully and feloniously *acquire and
obtain* ten (10) marihuana ciga-
rettes without having paid said
transfer tax, in violation of Section
2593(a) of Title 26, United States
Code." [Emphasis supplied.]

The ground of the appeal is that there
is no evidence to support the verdict.

It is not contended that Richard Yaw
himself was the "transferee" of whom it
is charged that he did "acquire and
obtain" the cigarettes. The contention
is that Richard Yaw "knowingly and fe-
loniously aided and abetted" one Peltier
in acquiring them. 18 U.S.C. § 2. It is
not questioned that Peltier did acquire
them "on or about November 30, 1954"
in violation of the statute and the sole
question here is whether there is evi-
dence that Richard aided and abetted in

Peltier's acquiring them. Here the charge is not aiding and abetting the "sale" of the ten packages of cigarettes, a separate offense, nor of a "trafficking" in such cigarettes.[1]

There is no testimony whatever that Richard Yaw ever saw or even knew of the existence of Peltier. Richard, a lad of 19 years of age, was the younger brother of Robert Yaw. On September 30, 1954 at about 3 o'clock P.M. one Cho, an undercover police officer, sought to acquire some marihuana cigarettes from Richard. Richard, who did not know Cho was an officer, said he did not have any but advised Cho that his brother Robert might get some for him. Through Richard's communicating with Robert, Cho met him at seven o'clock that evening. This was Richard's last connection with the transaction, Richard not being present at the evening meeting. Undoubtedly Richard could have been charged with aiding and abetting Cho in his subsequent acquiring of the cigarettes as a "transferee" from Peltier, but this is not the charge of the indictment, Cho's name not appearing in it.

When Cho met Robert that evening Robert had Peltier with him. Cho paid $10.00 to Peltier for ten cigarettes and the three drove in a car for some blocks and then stopped. Peltier left the car and disappeared. Returning, he handed Cho the cigarettes. The United States contends that though Richard never heard of Peltier, he nevertheless "knowingly" aided and abetted Peltier in becoming a "transferee" acquiring the cigarettes.

■ ■ Even assuming this contention be correct, it is obvious that to sustain its burden of proof the United States must show that Peltier became a transferee and acquired the cigarettes *after* 3 P.M. of September 30, 1954, when Richard first acted in the transaction of this there is no evidence.

When Peltier left the car he well may have gone to obtain the cigarettes from where he kept a supply of them which he had acquired a long time *before* 3 P.M., September 30, 1954, Peltier's confession being that he acquired them "on or about" that day. The phrase "on or about" a date stated in the indictment as fixing the time of the crime, is held by the Second Circuit to be within a few weeks of the "on or about" date. United States v. Tramaglino, 2 Cir., 197 F.2d 928, certiorari denied 1952, 344 U.S. 864, 73 S.Ct. 105, 97 L.Ed. 670. In the Third Circuit proof of a felonious sale of liquor on March 4th or 5th was held sufficient on an indictment charging it to have occurred "on or about the 11th day of March, 1921". Thompson v. United States, 3 Cir., 1922, 283 F. 895, 896. The Supreme Court, in Ledbetter v. United States, 170 U.S. 606, at page 612, 18 S.Ct. 774, at page 776, 42 L.Ed. 1162, stated:

> "Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient."

■ It is significant that the United States did not produce Peltier as a witness, he having plead guilty and hence his testimony as to when he acquired the cigarettes could not incriminate him. A witness available to the prosecution to maintain its burden of proof which it does not produce or explain why it cannot, is presumed one who would testify against the Government. See Wigmore on Evidence, §§ 286–90.

The judgment is reversed.

---

1. "Transferring" Marihuana to one who has not paid the tax imposed by Section 2590 is made criminal by 26 U.S.C. § 2591 (now 26 U.S.C. §§ 4741, 4742).

"Trafficking" in marihuana is made criminal by 26 U.S.C.A. § 3234 (now 26 U.S.C. § 4755).