**Hayes Henry CHEADLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20286.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1966.

Rehearing Denied March 3, 1967.

---

1. See Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).

Alfred C. Cavagnaro, San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., Robert L. Brosio, Asst. U. S. Atty., Asst. Chief, Crim. Div., Phillip W. Johnson, Asst. U. S. Atty., Los Angeles, Cal., for appellee Gates.

Before DUNIWAY and ELY, Circuit Judges, and CRAIG, District Judge.

DUNIWAY, Circuit Judge:

■ Cheadle was convicted in a trial by the court sitting without a jury, on all four counts of an indictment charging violations of 21 U.S.C. § 174. He was sentenced to 15 years on the first count and to 5 years on each of the other counts, the latter sentences to be concurrent with the sentence on the first count. We therefore need only consider those points which relate to the validity of his conviction on the first count. Gabriel v. United States, 9 Cir., 1966, 366 F.2d 726; Browning v. United States, 9 Cir., 1966, 366 F.2d 420; Cohen v. United States, 9 Cir., 1962, 297 F.2d 760 and cases there cited in footnote 1.

■ The first count charged that Cheadle, together with two unindicted persons, Barbara Eddes and Oscar Coates, conspired to import heroin into the United States from Mexico, and that in pursuance of the conspiracy Eddes entered the United States from Mexico with approximately 48 grams of heroin. The testimony of Eddes fully supports the conviction. Cheadle urges that her testimony should be rejected because she was an accomplice. The law in the federal court is otherwise. Quiles v. United States, 9 Cir., 1965, 344 F.2d 490; Bible v. United States, 9 Cir., 1963, 314 F.2d 106; Doherty v. United States, 9 Cir., 1956, 230 F.2d 605; Hass v. United States, 9 Cir., 1929, 31 F.2d 13. It was for the trial court, not for this court, to decide whether Eddes was to be believed.

■ There are two other contentions relating to count one. It is claimed that it was error for the court not to permit counsel to approach the witness Eddes when she was on the stand. Present counsel now asserts that trial counsel's purpose was to observe the pupils of her eyes and other characteristics in order to determine whether she was under the influence of narcotics while testifying. During cross-examination of the witness, trial counsel asked Eddes whether she had married Coates in Tijuana on the date of the transaction which is the basis for count one. Upon receiving an affirmative answer counsel asked if he could approach the witness and the court denied the request. Counsel then proceeded to ask further questions about the marriage. At no time did counsel in-

dicate to the court why he wished to approach the witness. Error cannot be predicated on such an instance. It is also claimed that the court unduly restricted trial counsel's cross-examination of Eddes. This is based upon the fact that, after counsel had examined Eddes about the marriage and she had said that she had not considered it valid, he asked "You don't love Mr. Coates"? Government counsel objected to this as immaterial; the objection was sustained. This is the only instance cited. The point borders on the frivolous. Glasser v. United States, 1942, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; Phillips v. United States, 9 Cir., 1966, 356 F.2d 297, 301; Robles v. United States, 9 Cir., 1960, 279 F.2d 401, 405; Todorow v. United States, 9 Cir., 1949, 173 F.2d 439, 447.

Affirmed.