**Donald LANNOM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21973.**

United States Court of Appeals
Ninth Circuit.

Oct. 1, 1968.

Peter J. Hughes, (argued), of Sheela, Lightner, Hughes, Hilmen & Castro, San Diego, Cal., for appellant.

Edwin L. Miller Jr., U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and CROCKER, District Judge.

BARNES, Circuit Judge:

Appellee's motion to dismiss the appeal as moot, on the ground that appellant "has jumped bail and is a fugitive," is denied.

Appellant takes this appeal from a judgment of conviction of a two count

indictment charging the aiding and abetting of the importation and subsequently the concealment and transportation by two joint defendants of 198 pounds of marijuana. 18 U.S.C. §§ 2, 3231, 21 U.S.C. § 176a. Certain joint defendants testified for the government.

Jurisdiction here rests on 28 U.S.C. § 1291.

Two points only are raised on this appeal. We find them each without merit.

The first point urged is that the trial court erred in refusing to give an instruction "that the failure of the prosecution to call witnesses available to maintain its burden of proof gave rise to a presumption that these witnesses would testify against the government."

Appellant's interpretation of this theory or rule of law is over broad, and omits a vital, qualifying adjective. In citing and quoting the 1893 case of Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021, no mention is made of, nor consideration had for, the word "peculiarly."

"The rule even in criminal cases, is that, if a party has it *peculiarly* within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." (idem., p. 121, 14 S.Ct. p. 41, emphasis added)

█ The witnesses which the appellant charges were not produced by the government were John Burnham, Mrs. John Burnham, and Mrs. Katherine Mougey. Each was a co-indictee, and was in attendance at the trial for the first or second days of trial, or both. This was proved by appellant (R.T. 198–205). His attorney had the same opportunity as did the government to call as witnesses all or any of the persons named. He chose not to do so. The government chose not to call them. If the government had proved a prima facie case against appellant, it had no duty to call other or additional witnesses. And, it was not "peculiarly" within the power of the government alone to produce them. The instruction offered was properly refused as inapplicable to the facts of this case.

Appellant relies largely on Yaw v. United States, 228 F.2d 382 (9th Cir. 1958).

The last paragraph of that opinion is actually dicta. It states it was "significant" that Peltier, the seller of marijuana, was not called as a witness to the charge that he was aided and abetted in the sale by the appellant, Richard Yaw. There was no testimony in the record "Richard Yaw ever saw or even knew of the existence of Peltier," (p. 383) or that he was present when the marijuana was sold by Peltier. For that reason, said Judge Denman, it was "significant" that Peltier (who had pleaded guilty and could not incriminate himself) was not called to substantiate the charge against Yaw. Thus, the facts in the instant case are far different than those in *Yaw*, supra.

Further, since Yaw was decided in 1955, we have repeatedly held that the principle of law proposed by appellant[1] does not apply where a witness is equally available to both parties. Wagner v. United States, 264 F.2d 524, 531 (9th Cir.), cert. denied, 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959); Arellanes v. United States, 302 F.2d 603, 608 (9th Cir.), cert. denied, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962). Here the witnesses were clearly available to either defendant or prosecutor.

█ Appellant's second point is that the court refused an instruction that the defendant could not be convicted on the uncorroborated testimony of an accomplice. Appellant concedes that this is not the Federal rule—as it is in several state jurisdictions. We have refused on

---

1. We need not here pass on the correctness of the use of the word "presumption," rather than "inference." The only authority relied on in *Yaw*, supra, is a reference to Wigmore, Evidence, § 286–90. There the word "inference" is used.

scores of previous occasions to change this rule, and we will not now do so.

Cheadle v. United States, 370 F.2d 314 (9th Cir. 1966)

Quiles v. United States, 344 F.2d 490 (9th Cir. 1965)

Doherty v. United States, 230 F.2d 605 (9th Cir. 1956)

Affirmed.