Claudio **CARRANZA-CHAIDEZ,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 23280.

United States Court of Appeals
Ninth Circuit.

July 31, 1969.

Peter J. Hughes of Sheela, Lightner, Hughes, Hilmen, & Castro, San Diego, Cal., for appellant.

Edwin L. Miller, Jr., U. S. Atty., Joseph A. Milchen (appeared), Asst. U. S. Atty., Phillip W. Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and CRARY, District Judge*.

CRARY, District Judge:

The within appeal is from the judgment of conviction on four counts, to wit, 2, 3, 5 and 6, of a 6-Count Indictment charging violation of Title 8 U.S.C. § 1324(a) (2) and (4), illegal transportation of an alien within the United States and inducing illegal entry of an alien into the United States. Two aliens are involved.

Four points of error are urged on appeal: (1) Instructions to the jury on the presumption of credibility of witnesses, (2) refusal of defendant's requested instruction as to the effect of failure to produce witnesses, (3) failure to prove venue in the Southern District of California, and (4) erroneous instructions as to the elements of the transportation counts (5 and 6).

Four witnesses were called by the Government, and the appellant and four other witnesses were called by the defense. Although one of the court's instructions included the statement that every witness is presumed to speak the truth, that instruction also tells how that presumption may be outweighed. When all of the instructions are considered together with the fact that each side called several witnesses, the court concludes that the appellant was not prejudiced by

---

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

the instructions although there is authority which has developed after the trial of the within case which frowns on the instruction in some circumstances.

■ The appellant requested that the jury be instructed, "A witness available to the prosecution, to maintain its burden, which it does not produce or explain why it cannot, is presumed one who would testify against the Government." The court refused the instruction stating that it was not applicable and not timely made. The witness referred to in the requested instruction was an alien who was present at the trial and who could have been called by either side.

In Lannom v. United States, 401 F.2d 504, 505 (9 C.A.1968), this court held that refusal to give a comparable instruction was not error where the Government had proved a prima facie case against the defendant.

The trial court instructed the jury that "If a party offers weaker and less satisfactory evidence, when stronger and more satisfactory evidence could have been produced, the evidence offered should be viewed with distrust."

In the circumstances, no prejudicial error appears to have resulted by the refusal to give the requested instruction.

■ A motion for change of venue was not made by the appellant prior to trial and he thereby waived any objection to venue. Lii v. United States, 198 F.2d 109, 113 (9 C.A.1952).

■ Although objection to venue should be deemed not to have been waived, venue was established in the Southern District of California. There was evidence that there was encouragement and inducement by appellant in both Mexico and the Southern District of California within the meaning of Section 1324(a) (4), Title 8, U.S.C. Pursuant to arrangements made by the appellant, the aliens and their guide entered San Diego County, California, about two miles east of Tecate and proceeded on foot to a point three to five miles south of Julian, also in San Diego County, thirty to forty miles north of the border. The aliens were picked up at this point, which was in the mountains, in a car driven by a man named Adrian. From the point in the mountains they were taken to Mecca, in Kern County, California, and from Mecca to Arvin. Venue was proper under Title 18 U.S.C. § 3237(a).

■ Appellant urges that the evidence fails to show there was *vehicular* transportation in the Southern District of California of the aliens involved in Counts 5 and 6 and that such transportation was required to establish venue. He relies on McFarland v. United States, 19 F.2d 805, 806 (6 C.A.1927), in support of his contention that the phrase "by any means of transportation or otherwise", which appears in Section 1324(a) (1), Title 8, U.S.C., after the 1952 amendment, required the bringing of an alien into the United States by some *vehicular* conveyance and not on foot.

In 1927 the portion of Section 1324(a) (1), Title 8, U.S.C., discussed by appellant, read:

" * * * (1) brings into or lands in the United States by *vessel* or otherwise * * *." [Emphasis added.]

The Section was amended in 1952 to read:

" * * * (1) brings into or lands in the United States, by any means of transportation or otherwise * *."

The *McFarland* case, supra, interpreted the words "or otherwise" as used in the 1927 statute as meaning "other conveyances". [Page 806 of the opinion.]

This court does not conclude that the interpretation of the term "or otherwise", as used in the 1952 amendment, is limited to vehicular conveyance or "other conveyances", and that "by any means of transportation *or otherwise*" [emphasis added], as used in the 1952 amendment, may properly be interpreted as including the providing of a guide to bring the aliens across the border on foot, as a part of the over-all plan. The appellant was "any person" as used in

said Section 1324(a), as he was the master mind of the over-all plan and aided and abetted in its execution.

The jury instructions as to the transportation counts of the Indictment (5 and 6) adequately covered the elements of those offenses.

The court concludes that no error requiring reversal appears in the record and the judgment of the trial court is affirmed.