**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Samuel Donald KNIGHT,
Defendant-Appellant.**

No. 74–4111.

United States Court of Appeals,
Fifth Circuit.

June 23, 1975.

J. V. Eskenazi, Federal Public Defender (court-appointed), Thomas Almon, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, DYER and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

This is an appeal from a conviction under 18 U.S.C.A. § 1546. Finding that this statute encompasses American citizens as well as aliens, we affirm.

The facts of this case are largely undisputed. Appellant Knight was charged in a one-count indictment with personating another when applying for admission to the United States, and attempting to evade the immigration laws by appearing under an assumed name.[1] The

---

1. The indictment read as follows:

   On or about October 17, 1974, at Miami International Airport, Dade County, in the Southern District of Florida, the defendant Samuel Donald Knight did when applying for admission to the United States personate another and attempt to evade the immigration laws by appearing under an assumed name, to-wit: Donald C. Parker, without disclosing his true identity, well knowing that his true name is Samuel Donald Knight, in violation of 18 U.S.C. § 1546.

government's evidence showed that on October 17, 1974, Knight presented a certificate of birth under the name of Donald C. Parker and a New York state I.D. card issued in the same name, to an inspector at the Miami airport. Knight's true birth certificate was also introduced and it was stipulated that his true identity is Samuel Donald Knight, an American citizen, born in Youngstown, Ohio.

There are only two points on appeal. First, it is submitted that the statute in question does not contemplate the prosecution of American citizens, but is applicable only to aliens. Second, Knight argues that the district court erred in failing to instruct the jury on the definition of the term "immigration laws" as per his request.

■ The applicable portion of 18 U.S.C.A. § 1546 reads as follows:

> Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, *or for admission to the United States personates another*, or falsely appears in the name of a deceased individual, *or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity*, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document . . . . (Emphasis added)

Knight argues that because this statute is based on Section 220 of Title 8 U.S.C.A., 1940 ed. Aliens and Nationality, that it deals only with those immigration laws pertaining to aliens. Thus, he submits, it is impossible for him, as an American citizen, to be in violation of this section. We agree with the district court, that the word "whoever" means exactly that. Though Knight is correct in his history, the section in question is no longer within Title 8, but is now in Title 18. Cf. 8 U.S.C.A., § 1325 on false or misleading representation by aliens which begins with the words "any alien". We do not agree that this statute yields a hiatus in the law.

Further, it was not necessary to allege a violation of a second specific immigration law. Again the language of the statute is clear: "whoever . . . personates another." is one basis of a violation, and "[w]hoever . . . attempts to evade the immigration laws *by* appearing under an assumed or fictitious name . . . ." is another. It is a violation of this law which is in issue and not some other immigration law.

■ This demonstrates the fallacy in the contention that Knight was entitled to have the jury instructed as to the definition of the term "immigration laws." Specifically he wanted the definition set forth in Title 8 U.S.C.A., § 1101(a)(17): "The term 'immigration laws' includes this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, or expulsion of aliens." The court refused to give such a charge, stating that it went to Knight's theory of the case.

The short answer to this assignment of error is that Knight was not charged with evading immigration laws generally but specifically under § 1546. We find no error in the charge. It defined the crime charged and specified the essential elements and was otherwise adequate. United States v. Gilbreath, 5 Cir., 1971, 452 F.2d 992, 994.

Affirmed.