**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesus CARRILLO–COLMENERO,**
**Defendant-Appellant.**

**No. 75–1825.**

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1975.

---

Raul Villalobos, El Paso, Tex. (Court appointed), for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Michael T. Milligan, Frank B. Walker, Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Jesus Carrillo-Colmenero gained admission to the United States using the identity of a United States citizen named Louis Alfredo Carrillo. Conceding that he *may* have violated some other federal law, defendant contends that his acts did *not* violate 18 U.S.C.A. § 1546 under which he was convicted. His appeal is posited on the proposition that "falsely personating another when applying for admission to the United States" is not proscribed by § 1546, which, he argues, prohibits only false personation of another when applying to the United States for an entry-type document. No entry-type document was involved in this case. We affirm the conviction on the ground that § 1546 does encompass false personation to gain admission to the United States and is not limited to facts involving entry-type documents.

This decision puts us at odds with the only other United States Court of Appeals decision in point, decided nearly 50 years ago by the Sixth Circuit. *McFarland v. United States,* 19 F.2d 807 (6th Cir. 1927). The present statute, successor to the similar predecessor interpreted by *McFarland,* provides in pertinent part:

§ 1546. Fraud and misuse of visas, permits, and other entry documents

\* \* \* \* \* \*

*Whoever, when applying* for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or *for admission to the United States personates another,* or falsely appears in the name of a deceased individual, *or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity,* or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document . . . .

\* \* \* \* \* \*

Shall be fined not more than $2,000 or imprisoned not more than five years, or both. (Emphasis added). 18 U.S.C.A. § 1546.

The Government proved that defendant had applied for admission to the United States using the California birth certificate and identity of Louis Alfredo Carrillo, and that defendant had previously twice served prison terms for ille-

gal entry and illegal re-entry after having been deported. Defendant does not contest the facts or the illegality of his entry into the United States. His appeal is based on *McFarland*'s statutory interpretation. That court, after reciting the statute's history and the fact that its titled subject matter related to visas or permits, held that no offense could be committed under the statute except in connection with such documents.

Nine offenses are created by this section; eight of them are limited to the subject-matter of this statute. To say that the ninth, by this clause of possibly broader scope, makes a crime out of the personation of another, in a matter wholly disconnected with visas or permits, is to make a somewhat startling extension of the specific statute beyond its whole specific scheme and purpose; and, while such interpretation is verbally possible, it would not be, we think, in accordance with the accepted canons of construction. If we interpolate any words of connection with the subject-matter of the act, the provision becomes pertinent and consistent, as, for example, "when applying for immigration visa or permit or [using one] for admission to the United States, personates." Indeed, there need be no resort to implication or interpolation. The section headings are not those of a compiler, but are in the act itself.

This heading declares that section 22 relates to "Offenses in Connection with Documents." This must mean "the documents provided for by this act." This title limitation to such offenses is carried down into (b)(1) as fully as if it were repeated, and makes the clause say, "who, when applying for admission, in connection with the documents of this act personates." We have little doubt that this, and this only, was the intent of the act. Offenses plainly within the very language of a statutory prohibition have frequently been held not within its penalty. "The reason of the law should prevail over its letter." To

"obstruct or retard any mail carrier" does not include his lawful arrest and holding. *U. S. v. Kirby,* 7 Wall. 482, 19 L.Ed. 278. "Service of any kind" does not cover service as a minister of the gospel. *Holy Trinity Church v. U. S.,* 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226. "Every Chinese person about to come to the United States" does not reach one who is about to come for the second time. *Lau Ow Bew v. U. S.,* 144 U.S. 47, 12 S.Ct. 517, 36 L.Ed. 340.

The words of the statute must be such as to leave no reasonable doubt as to the intention of the Legislature, *U. S. v. Hartwell,* 6 Wall. 385, 18 L.Ed. 830; and where there is any well-founded doubt as to any act being a public offense, it should not be declared such, *Harrison v. Vose,* 9 How. 372, 13 L.Ed. 179. To say the least, there is a well-founded doubt whether Congress intended by section 22 to include any act which did not pertain to a visa or permit.

Hence the indictment, at its best, charges no offense, and the judgment should be reversed, and the respondent discharged.

19 F.2d at 808. The court conceded in an earlier passage that if the special section concerning admission to the United States is read by itself, McFarland's conduct was clearly within its language. *Id.* at 807.

We have found no opinion which has favorably cited the holding in *McFarland,* or that supports its approach to the interpretation of this statute. Only one other reported decision appears to have dealt squarely with the issue at hand and it expressly refused to follow *McFarland.* In *United States v. Mouyas,* 42 F.2d 743 (S.D.N.Y.1930), the court held that the plain language and meaning of the predecessor statute clearly covered anyone who personates another when applying for admission to the United States. The court noted McFarland's reliance on the scope of the section heading, but pointed out that when, as in that case, the language of the statute is

plain, it must be accepted and must govern, regardless of the section heading.

The *McFarland* indictment was indisputably defective. It did not charge that the defendant was seeking admission to the United States. The result therefore was correct. But, though I have great respect for the learned judge who wrote the opinion, I think he is entirely wrong in stating that the statute includes only the use, for effecting impersonation, of a visa or a permit prescribed thereby for aliens. This seems to me too narrow a view. The language is plain and the courts should not decline to give it full force. *Caminetti v. United States,* 242 U.S. 470, 485, 486, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168.

The words are sweeping. They apply to "any individual," whether an alien or a native. They confine the occasion to seeking "admission" to the country. But any one who, on that occasion, "personates another" is made a criminal. What avenue of escape is there from these plain words?

The section in question is in a part of the law which bears the subtitle "offenses in connection with documents." It is accordingly asserted that the language should be restricted to the two classes of instruments which the statute, of which the section is a part, especially deals with, namely, visas and permits. If this interpretation were adopted, it would give a significance to a title which has been repeatedly and uniformly denied to it. *Hadden v. Collector,* 5 Wall. 107, 110, 18 L.Ed. 518; *Patterson v. Bark Eudora,* 190 U.S. 169, 172–173, 23 S.Ct. 821, 47 L.Ed. 1002; *Cornell v. Coyne,* 192 U.S. 418, 430, 24 S.Ct. 383, 48 L.Ed. 504. It is only when the body of the act is ambiguous that the title may be resorted to as an aid in ascertaining the meaning. Even then, it is given little weight. When, as here, the language is plain, it must be accepted; it must govern, regardless of the title.

42 F.2d at 744–745.

Further criticism of the *McFarland* rule is found in *United States v. Campos-Serrano,* 430 F.2d 173 (7th Cir. 1970), aff'd on other grounds, 404 U.S. 293, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971), a case which involved possession of a counterfeit alien registration receipt card and not the personation issue faced in *McFarland* and which we consider in the case *sub judice.* In *Campos-Serrano* the court seemingly went out of its way to criticize the *McFarland* opinion, since that case arose under the first paragraph of § 1546 and *McFarland* arose under language which is now contained in the third paragraph of § 1546. Although the Supreme Court in *Campos-Serrano* overruled the Seventh Circuit's determination that possession of a counterfeit alien registration receipt card is punishable under § 1546, the Court intimated no opinion on how it would decide the issue presented in *McFarland* when such a question is presented in a proper case. Indeed, no mention is made of *McFarland* at all in the Supreme Court's opinion.

In understanding that *McFarland* apparently stands alone in its statutory interpretation, special note should be made of the compelling facts in that case. The defendant was a 17-year old Irish son of a man who had been regularly admitted to the United States two years before. The defendant was not ineligible for admission to the United States for any reason except that he was not in possession of a proper passport and immigration visa. The father, apparently unwilling to wait for the year or two needed to get his son a visa within the British quota, provided the defendant with a document of a son-in-law and instructed him to claim to be the son-in-law at the Canadian-United States border. When caught, the defendant son confessed all. In a companion case, the Sixth Circuit reversed the conviction of the father because of ambiguity of the statute under which he was charged. *McFarland v. United States,* 19 F.2d 805 (6th Cir. 1927).

We agree with those who have criticized the *McFarland* decision and de-

cline to follow it, in spite of a strong inclination that immigration laws need uniform national interpretation. Like the court in *Mouyas,* however, we can find no "avenue of escape" from the plain words of the statute which applies to anyone who personates another when applying for admission to the United States. The controlling words of the statute provide that:

> Whoever, when applying . . . for admission to the United States personates another . . . or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity . . . .
>
> Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

Since the text of the statute is plain and unambiguous, there is no call to resort to its heading to aid in construing it. *See Maguire v. Commissioner of Internal Revenue,* 313 U.S. 1, 9, 61 S.Ct. 789, 85 L.Ed. 1149 (1941); *Caminetti v. United States,* 242 U.S. 470, 489, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *House v. Commissioner of Internal Revenue,* 453 F.2d 982, 987 (5th Cir. 1972). *See also* Annot., *Titles of statutes as an element bearing upon their construction,* 37 A.L.R. 927 (1925), and cases collected therein and in the supplements to this annotation. This rule of federal statutory construction is different from the rule followed by some states which restricts the scope of a statute to the scope of its notice-giving heading or title. *See, e. g., In re Ludlum Enterprises, Inc.,* 510 F.2d 996, 1001 (5th Cir. 1975), applying Fla.Const., Art. III, § 6 ("Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title. . .."); *Southwestern Bell Telephone Co. v. Houston Independent School District,* 397 S.W.2d 419, 421 (Tex.1965).

■ Accordingly, we hold that by its express terms § 1546 applies to a person who attempts to be admitted to the United States by personating another and is not limited to persons applying for entry-type documents. Thus, there was no error in the trial court's denial of defendant's motion for judgment of acquittal, nor in its failure to instruct the jury that application for a visa, permit, or other entry document was an element of the offense.

Our decision in this case was presaged by *United States v. Knight,* 514 F.2d 1286 (5th Cir. 1975), in which this Court recently affirmed a similar § 1546 conviction of a defendant charged with "personating another when applying for admission into the United States and attempting to evade the immigration laws by appearing under an assumed name." Knight, like Carrillo-Colmenero, had sought admission to this country through the use of a birth certificate of another. He appealed on the ground that the statute does not contemplate the prosecution of American citizens but is applicable only to aliens. He evidently did not raise the issue we face today. The Court, in affirming his conviction for personating another when applying for admission into this country, implicitly held that the statute applies to false personation of another when applying to the United States for admission, and is not restricted to acts which pertain to visas, permits, or documents required for entry into the United States.

■ Defendant also contends that the trial court committed reversible error in failing to grant his motion for a mistrial based upon testimony to which his objection was sustained and which the jury was instructed to disregard. Under these circumstances, there was no need to declare a mistrial. Any possible prejudicial effect which the testimony may have had was obviated by the court's instruction and was clearly harmless beyond a reasonable doubt. F.R.Crim.P. 52(a).

Affirmed.