**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ralph Frederick WHITTINGTON,**
**Defendant–Appellant.**

No. 05–50316.

United States Court of Appeals,
Ninth Circuit.

July 16, 2007.

Stephen M. Miller, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Siri Shetty, Esq., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

### ORDER

The Memorandum disposition filed on June 21, 2006, 186 Fed.Appx. 758, is hereby amended. The amended Memorandum disposition is filed simultaneously with this Order.

With these amendments, the panel has voted to deny the Petition for Panel Rehearing. The mandate shall issue forthwith.

* The Honorable George P. Schiavelli of the Central District of California sitting by designation.

### AMENDED MEMORANDUM **

Ralph Frederick Whittington appeals his conviction of three counts of aiding and abetting Bringing in Illegal Aliens for Financial Gain and three counts of aiding and abetting Transportation of Illegal Aliens. On July 22, 2004, border patrol agents detained Whittington on the "Patterson Property" in an area located near Highway 94 and the California/Mexico border. Agents caught Whittington behind the wheel of a pick-up truck with an attached trailer. Ten undocumented aliens were found near or inside a small, camouflaged box, resembling a pile of two by fours, that had been built into the trailer.

After his arrest, Whittington waived his Miranda rights and the United States Border Patrol interviewed him. According to the interviewing agent, Whittington stated that a female acquaintance ("Diane") had introduced him to two individuals ("Miguel" and "Julio") with whom he agreed to help smuggle illegal aliens into the United States for $1000. Whittington's associates instructed him to drop the aliens off at a 7-11 located in El Centro, California.

On August 11, 2004, the United States indicted Whittington on three charges of aiding and abetting Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and three counts of aiding and abetting Transportation of Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). After a bench trial, on December 15, 2004, Judge Irma E. Gonzales found Whittington guilty of all six counts. On April 11, 2004, Judge Gonzales sentenced Whittington to the statutory mandatory minimum sentence of sixty months imprisonment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

We have jurisdiction to review final judgments of the district court pursuant to 18 U.S.C. § 1291. We review questions of statutory construction de novo. *United States v. Angwin*, 271 F.3d 786, 800 (9th Cir.2001). In determining whether sufficient evidence supports Whittington's conviction, we construe all reasonable inferences in the government's favor. *See United States v. Tsai*, 282 F.3d 690, 697 (9th Cir.2002). We then decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Shirley*, 884 F.2d 1130, 1134 (9th Cir.1989).

Section 1324 forbids bringing or attempting to bring aliens across the border "in any manner whatsoever." 8 U.S.C. § 1324(a)(1)(A)(i). We have defined "bringing" an individual across the border as conveying, leading, carrying, or otherwise causing an individual to come from one place to another. *United States v. Yoshida*, 303 F.3d 1145, 1151–52 (9th Cir. 2002).

■ Whittington argues that the smugglers who arranged for the aliens to meet them near the border and then pointed the aliens in the direction of Whittington's truck were not guilty of the offense because they did not physically "bring" the aliens across the border. "Bringing" an individual to the United States does not require physical accompaniment across the border. The statute covers cases such as Whittington's where the principals made all of the arrangements for the aliens' crossing, but did not cross the border themselves. *See United States v. Gonzalez-Torres*, 309 F.3d 594, 599 (9th Cir. 2002) (citing H.R.Rep. No. 682(I), 99th Cong., 2d Sess. 65 (1986)). In this case, the principals brought the group of aliens to the United States. They made arrangements with the aliens and their families in the United States; they lodged some of the aliens at a hotel in Tecate, Mexico;

they arranged for taxis to shuttle them to a crossing point; one or two of the smugglers guided the aliens to within a football field's length from the border; and they pointed to a specific location in the United States where they had planned for Whittington to pick-up, conceal, and bring the immigrants to El Centro, California.

■ Sufficient evidence supports Whittington's conviction for aiding and abetting bringing Hipolito Tolentino–Moreno into the United States. Construing all inferences in the light most favorable to the government, Tolentino–Moreno's testimony that he intended to pay somebody to be brought into the United States and that he accompanied a group of ten people across the border, is sufficient for a trier of fact to find beyond a reasonable doubt that he was brought into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) by the smugglers with which Whittington cooperated.

Although we recently held in *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc), that the crime of bringing in aliens "ends when the person who transports the aliens to the country terminates his act of transportation and drops off the aliens in the United States," *id.* at 1191, we also noted that "under certain circumstances a defendant who does not physically transport aliens across the border may be held criminally liable for aiding and abetting a 'brings to' offense." *Id.* at 1191. We refused to determine "precisely what actions may or may not render a defendant guilty of aiding and abetting." *Id.* at 1199.

Whittington emphasizes *Lopez's* statement that "[t]he mere act of picking up aliens at a location near the border and transporting them within the United States is not sufficient to support a conviction for aiding and abetting a 'brings to' offense." *Id.* at 1199–00. However, Whittington's circumstances are distinguishable. Unlike in *Lopez*, evidence demon-

strates that Whittington had substantial contact with the smugglers *prior to* completion of the "brings to" offense. On this basis, a rational trier of fact could have found the essential elements of the aiding and abetting offense. *See id.* at 1199–00.

Whittington challenges his conviction of three counts of Transportation of Illegal Aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) because the principals did not "transport" the illegal aliens across the border. The transportation statute makes it a crime to: "knowing[ly] or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves, or attempts to transport or move such alien within the United States by means of transportation or otherwise." 8 U.S.C. § 1324(a)(1)(A)(ii) (2005). In *United States v. Hernandez–Garcia,* we distinguished the crimes of "bringing to" and "transporting" illegal aliens. We emphasized that the former seeks to punish bringing illegal aliens across the border while the latter offense criminalizes the transportation of illegal aliens *within* the United States. 284 F.3d 1135, 1138 (9th Cir.2002).[1] In this case the illegal aliens crossed the border unaccompanied. Although Whittington's admissions indicate an intent to transport the illegal aliens, his efforts were thwarted by the border patrol before he had transported the aliens within the United States. His conviction on the three counts of transportation is therefore reversed.

**Affirmed** in part, **Reversed** in part and **Remanded.**

---

1. *See Carranza–Chaidez v. United States,* 414 F.2d 503 (9th Cir.1969). In that case, a guide accompanied the aliens across the border into the United States. *Id.* at 505.

