# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50746
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Alonso-Esparza,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-346-1

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Oscar Alonso-Esparza appeals his bench-trial conviction for personating another when applying for admission to the United States, in violation of 18 U.S.C. § 1546(a). He asserts the district court erred in denying his motion to suppress statements he made during a claimed

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

custodial interrogation prior to being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

When considering the denial of a suppression motion, the district court's factual findings are reviewed for clear error; its conclusions of law, *de novo*. *E.g.*, *United States v. Nelson*, 990 F.3d 947, 952 (5th Cir. 2021). Because evidentiary rulings are subject to the harmless-error doctrine, "[r]eversible error occurs only when the admission of evidence substantially affects the rights of a party". *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009) (citation omitted). Where the evidentiary ruling involves a *Miranda* violation, it is the Government's burden to show the error was harmless beyond a reasonable doubt. *E.g.*, *United States v. Arellano-Banuelos*, 912 F.3d 862, 869 n.3 (5th Cir. 2019)

Even assuming the court erred in denying the suppression motion, any error was harmless. Alonso does not challenge the stipulated facts (for the bench trial subsequent to denial of the suppression motion) that, prior to the alleged custodial interrogation, he presented a birth certificate bearing a name different from his own to a Customs and Border Protection Officer at a port of entry into the United States. Thus, the record—absent the challenged evidence—sufficiently establishes Alonso personated another when applying for admission into the United States. *See United States v. Knight*, 514 F.2d 1286, 1286–87 (5th Cir. 1975) (affirming § 1546 conviction where defendant presented birth certificate and state identification card issued to different individual); *see also United States v. Carillo-Colmenero*, 523 F.2d 1279, 1283 (5th Cir. 1975) (clarifying § 1546 "is not limited to persons applying for entry-type documents"). Accordingly, any assumed error did not affect his substantial rights and was, therefore, harmless. *See Arellano-Banuelos*, 912 F.3d at 869 n.3; *Clark*, 577 F.3d at 287–88.

AFFIRMED.