**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Guadalupe SOTELO–CARRILLO, also known as Francisco Moctezuma,
Defendant–Appellant.**

**No. 94–2715.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 5, 1994.

Decided Jan. 17, 1995.

Barry Rand Elden, Asst. U.S. Atty., John J. Tharp (argued), Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

David W. Gleicher (argued), Chicago, IL, for defendant-appellant.

Before BAUER, REAVLEY,* and RIPPLE, Circuit Judges.

REAVLEY, Circuit Judge.

Guadalupe Sotelo–Carrillo pleaded guilty to charges of transporting illegal aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(B), and illegally reentering this country after having been previously deported, in violation of 8 U.S.C. § 1326. At sentencing, the district court increased the applicable base offense level by four levels pursuant to section 2L1.2(b)(1) of the United States Sentencing Guidelines ("U.S.S.G."). Sotelo appeals his sentence, arguing that the district court should not have assessed the four-level increase. We affirm.

## DISCUSSION

U.S.S.G. § 2L1.2 applies to convictions under 8 U.S.C. § 1326. U.S.S.G. § 2L1.2(b)(1) provides that the base offense level should be increased by four where the defendant "previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws." The district court calculated a four-level increase in Sotelo's offense level, under U.S.S.G. § 2L1.2(b)(1), because Sotelo had previously been convicted of passport fraud and falsely representing himself to be a United States citizen.

Sotelo argues that his previous convictions were for violations of "the immigration laws." He contends that those convictions therefore cannot provide the basis for an increase under U.S.S.G. § 2L1.2(b)(1).

 The immigration laws are found in Title 8 of the United States Code, which is specifically titled "Aliens and Nationality." Sotelo's crimes of passport fraud and falsely representing himself as a citizen were violations of Title 18 of the United States Code. *See* 18 U.S.C. § 1542; 18 U.S.C. § 911. Sotelo's convictions did not, therefore, involve violations of the immigration laws for pur-

poses of the application of U.S.S.G. § 2L1.2(b)(1). *See United States v. Adeleke,* 968 F.2d 1159 (11th Cir.1992) (assuming without discussion that prior conviction for passport fraud triggers application of four-level enhancement under section 2L1.2(b)(1)).

 Title 8 provides a definition of the immigration laws which would occasionally encompass laws other than those found in Title 8. The definition provides that "[t]he term 'immigration laws' includes this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, or expulsion of aliens." 8 U.S.C. § 1101(a)(17). That definition is still extremely narrow, reaching no criminal conduct beyond that necessarily committed in connection with the admission or exclusion of aliens. We know of no laws meeting that specification except those in Title 8 of the United States Code.

AFFIRM.