_____

No. 95-3286
_____

United States of America,         *
                                      *
        Appellee,         *
                                      *
    v.                    *  Appeal from the United States
                                      *  District Court for the Northern
Miguel Lazaro-Guadarrama,     *  District of Iowa.
also known as Daniel Flores-    *
Arismendi, also known as       *
Miguel Angel Lazaro, also      *
known as Lazaro M. Guadarrama,  *
                                      *
        Appellant.       *

_____

Submitted:  December 13, 1995

Filed:  December 14, 1995
_____

Before MAGILL, BRIGHT and MURPHY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Miguel Lazaro-Guadarrama, a citizen of Mexico, appeals his eight-month sentence imposed by the district court after he pleaded guilty to illegally re-entering the United States as a deported alien, in violation of 18 U.S.C. § 1326(a) & (b)(1). For reversal, Lazaro-Guadarrama challenges the district court's imposition of a four-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1) because Lazaro-Guadarrama previously had been deported after a conviction for possession of a counterfeit Alien Registration Receipt ("green card"). Because Lazaro-Guadarrama's prior felony related to an immigration law violation which does not call for an enhanced sentence, 18 U.S.C. § 1546, we reverse and vacate the sentence imposed.

## I.    BACKGROUND

In January 1994, Lazaro-Guadarrama was convicted in the United States District Court for the Northern District of Iowa for fraud and misuse of visas, permits and other documents, in violation of 18 U.S.C. § 1546, as a result of Lazaro-Guadarrama's entering into the United States without inspection.    Lazaro-Guadarrama had attempted to obtain an Iowa identification card at the Waterloo office of the Iowa Department of Transportation using a false Alien Registration Receipt card (commonly known as a "green card").    His application for an identification card was denied and the false green card was confiscated.    Lazaro-Guadarrama admitted the charges at his February 1994 deportation hearing, waived appeal, and was deported to Mexico three days later.    After a few months, Lazaro-Guadarrama returned to the United States to be with his fiancee and infant and began working.    Lazaro-Guadarrama was arrested on May 2, 1995, and charged with the instant offense.

The presentence report (PSR) indicated a base offense level of 8 under section 2L1.2, a two-level reduction for accepting responsibility, and a four-level enhancement under section 2L1.2(b)(1).    Lazaro-Guadarrama's total offense level of 10 and his criminal history category of II (based on his prior felony) resulted in a Guidelines sentencing range of eight to fourteen months.    Applying the four-level increase under section 2L1.2(b)(1) over Lazaro-Guadarrama's objection, the district court sentenced him to eight months imprisonment and three years supervised release.    His term of imprisonment is scheduled to end on December 30, 1995, when he will be released for deportation.

Lazaro-Guadarrama appeals, arguing that the district court erred in applying a four-level enhancement under section 2L1.2(b)(1).

## II.  DISCUSSION

We review de novo the district court's construction of the sentencing guidelines.  See United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994), cert. denied, 115 S. Ct. 1813 (1995).  Chapter 2, Part L of the Sentencing Guidelines pertains to "Offenses involving Immigration, Naturalization, and Passports."  Section 2L1.2 applies to convictions under 8 U.S.C. § 1326.  Section 2L1.2(b)(1) instructs the district court to increase the defendant's base offense level by four levels "[i]f the defendant previously was deported after a conviction for a felony, other than a felony involving violation of the immigration laws."  (Emphasis added).  The Sentencing Guidelines do not define "immigration laws."  However, 8 U.S.C. § 1101(17) provides the following definition:

> The term "immigration laws" includes this Act and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, or expulsion of aliens.

Under this definition, all "immigration laws" may include laws other than those of Title 8 of the United States Code, which chapter is entitled "Aliens and Nationality."  The issue is whether Lazaro-Guadarrama's prior felony conviction under 18 U.S.C. § 1546 constituted a felony "involving a violation of the immigration laws."  Section 2L1.2, comment. (n.3).

In determining that Lazaro-Guadarrama's section 1546 conviction for possessing a false green card did not fall within the exception as involving a violation of the immigration laws, the district court relied on United States v. Sotelo-Carrillo, 46 F.2d 29 (7th Cir. 1995).  In Sotelo-Carrillo, the Seventh Circuit affirmed the district court's application of a four-level section 2L1.2(b)(1) increase to a defendant who had been convicted previously of passport fraud and falsely representing himself to be

a United States citizen, in violation of 18 U.S.C. §§ 911 and 1542.  Id. at 29.[1]  Acknowledging that "Title 8 provides a definition of the immigration laws which would occasionally encompass laws other than those found in Title 8," the court nonetheless determined that definition to be "extremely narrow, reaching no criminal conduct beyond that necessarily committed in connection with the admission or exclusion of aliens" and "kn[e]w of no laws meeting that specification except those in Title 8 of the United States Code."  Id.  Here, the district court acknowledged that Lazaro-Guadarrama's was a "closer" case and that reasonable minds could differ on this issue, but nonetheless applied the enhancement.  We reject that analysis.

The definition of "immigration laws" provided in Title 8 is a broad one.  In addition, section 1546--which prohibits knowing use or possession of a false alien registration receipt card or "other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States"--was originally part of Title 8, and had been enacted, with some differences, as part of the Immigration and Nationality Act of May 26, 1924 (43 Stat. 165).[2]  While not specifically regulating immigration itself, section 1546 controls the creation and possession of documents necessarily connected with immigrants and

_____

[1]The Sotelo-Carrillo court also cited United States v. Adeleke, 968 F.2d 1159 (11th Cir. 1992), which assumed, without deciding, that a previous passport-fraud conviction could be used to enhance a sentence under this guideline provision.  Sotelo-Carrillo, 46 F.3d at 29.

[2]In 1948, section 1546 was transferred to Title 18 of the United States Code.  See 1 U.S.C.C.S., Appendix 2 at A441-42 (1948).  This provision was contained in chapter 75 of the Act, entitled "Passports and Visas."  Chapter 69 of the Act, which also contained provisions transferred to Title 18, was titled "Nationality and Citizenship."  See 1 U.S.C.C.S., Appendix 2 at A433, A440; see also 18 U.S.C. § 1546, Revision Notes and Editorial Notes.

immigration.[3]  We note that the sentencing guideline portion applicable to offenses under section 1546 is also Chapter 2, Part L--the same guidelines portion applicable to federal immigration law violations.

Moreover, the term <u>involving</u> in the sentencing guideline of "involving violation of the immigration laws" presents a loose term, capable of a broad interpretation.  Indeed, the word "involving" is at best ambiguous.  Thus, in any event, the rule of lenity applies to ambiguous provisions of the Sentencing Guidelines.  <u>See</u> <u>United States v. R.L.C.</u>, 915 F.2d 320, 325 (8th Cir. 1990), <u>aff'd</u>, 503 U.S. 291 (1992).  "The rule of lenity states that a court cannot interpret a federal criminal statute 'so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'"  <u>Id.</u>  The rule of lenity favors the statutory construction yielding the shorter sentence.  <u>Id.</u>  The same interpretation applies to the guideline here.

## III.  CONCLUSION

We thus conclude that the district court erred in applying the four-level enhancement to Lazaro-Guadarrama under the circumstances of this case.  Accordingly, because Lazaro-Guadarrama has now served the full length of any sentence he may have received absent the four-level enhancement and lower resultant sentencing range (one to seven months), we vacate the remainder of Lazaro-

---

[3]We reject as inapposite the government's cite to <u>United States v. Knight</u>, 514 F.2d 1286 (5th Cir. 1975), for the proposition that section 1546 is not an immigration law because United States citizens are subject to prosecution under its provisions.  We note that United States citizens are subject to criminal prosecution under other statutory provisions which are clearly immigration laws under the analysis of both the district court and <u>Sotelo-Carrillo</u>.  <u>See, e.g.</u>, 8 U.S.C. § 1324 (criminal liability for "any person" who brings illegal aliens into United States).

Guadarrama's sentence and order his immediate release from incarceration. Let this mandate issue forthwith.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.