UNITED STATES of America,
Plaintiff–Appellee,

v.

Jorge PINEDA–GARCIA, Defendant–Appellant.

No. 98–50175.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 1998.*

Decided Jan. 14, 1999.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Lee S. Arian, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Olivia Karlin, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Before: Alex Kozinski and Diarmuid F. O'Scannlain, Circuit Judges and Frank C. Damrell, District Judge.**

KOZINSKI, Circuit Judge:

In August 1996, Jorge Pineda–Garcia was convicted under 18 U.S.C. § 1028 (1994) for transferring false identification documents, namely counterfeit green cards and social security cards. He was deported to Mexico in November 1996. In October 1997, Pineda–Garcia pled guilty under 8 U.S.C. § 1326 to being an illegal alien found in the United States following conviction and deportation. In calculating his sentence, the district court enhanced Pineda–Garcia's base offense level by four because his prior conviction was *not* "a felony involving violation of the immigration laws." United States Sentencing Guidelines Manual § 2L1.2(b)(1) (1995). Pineda–Garcia now appeals his sentence, arguing

** The Honorable Frank C. Damrell, United States District Judge for the Eastern District of California, sitting by designation.

that his August 1996 conviction did involve such a violation.

To determine the applicability of an enhancement under U.S.S.G. § 2L1.2(b)(1) as it read at the time of Pineda–Garcia's conviction, the sentencing court must ask whether the statute under which the defendant was previously convicted is an "immigration law." The specific conduct involved in that prior conviction is not relevant to this determination. This approach is consistent with that taken by the Seventh Circuit in *United States v. Sotelo–Carrillo*, 46 F.3d 28, 29 (7th Cir.1995), and the Eighth Circuit in *United States v. Lazaro–Guadarrama*, 71 F.3d 1419, 1420–21 (8th Cir.1995). While those courts disagreed about what laws qualify as immigration laws, they both examined the statute involved in the prior conviction in determining the proper application of § 2L1.2(b)(1). *Compare Sotelo–Carrillo*, 46 F.3d at 29, *with Lazaro–Guadarrama*, 71 F.3d at 1420–21.

■ The Sentencing Guidelines do not define "immigration laws," but 8 U.S.C. § 1101(a)(17) states that the term encompasses "this chapter and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, expulsion, or removal of aliens." We agree with the Seventh Circuit that this is the proper definition of "immigration laws" for purposes of U.S.S.G. § 2L1.2(b)(1), and that under this definition immigration laws are those that criminalize conduct *"necessarily* committed in connection with the admission or exclusion of aliens." *Sotelo–Carrillo*, 46 F.3d at 29 (emphasis added). *But see Lazaro–Guadarrama*, 71 F.3d at 1421 (reading 8 U.S.C. § 1101(a)(17) to cover laws that, "[w]hile not specifically regulating immigration itself, ... control[ ] the creation and possession of documents necessarily connected with immigrants and immigration"). We allow for the possibility that there may be laws outside Title 8 that qualify as immigration laws under 8 U.S.C. § 1101(a)(17). *Compare Sotelo–Carrillo*, 46 F.3d at 29 (recognizing that Title 8's definition "would occasionally encompass laws other than those found in Title 8" but stating they know of "no laws ... except those in Title 8" that reach conduct "necessarily committed in connection with the admission or exclusion of aliens").

■ However, the law under which Pineda–Garcia was initially convicted, 18 U.S.C. § 1028, is surely not an immigration law within our definition. Section 1028 criminalizes the fraudulent use of all false identification documents, not just those related to immigration. Thus, it does not cover conduct necessarily committed in connection with the admission or exclusion of aliens. That the green cards and social security cards Pineda–Garcia sold were probably used to abet immigration fraud is of no consequence.

Because Pineda–Garcia's prior conviction was not "a felony involving violation of the immigration laws," U.S.S.G. § 2L1.2(b)(1), the district court properly enhanced Pineda–Garcia's sentence accordingly.

AFFIRMED.